**GEORGIA ASSOCIATION OF INDEPENDENT INSURANCE AGENTS, INC. (affiliated with National Association of Insurance Agents, Inc.)**

**and**

**Gerry R. Holden, Jr., Walter H. McGee, Charles A. Simons, Howard C. Kearns, Jr.**

**v.**

**James J. SAXON, Comptroller of the Currency of the United States of America.**

Civ. A. No. 9846.

United States District Court
N. D. Georgia,
Atlanta Division.
March 31, 1967.

See also D.C., 260 F.Supp. 802.

Gambrell, Harlan, Russell & Moye, Atlanta, Ga., for plaintiff.

Barefoot Sanders, Asst. Atty. Gen., Charles L. Goodson, U. S. Atty., Northern Dist. of Ga., Harland F. Leathers and Richard S. Baetty, Irvin Goldbloom, Robert Bloom, Attys., Dept. of Justice, Washington, D. C., for defendants.

LEWIS R. MORGAN, Chief Judge.

The plaintiffs in the above-styled action seek a declaratory judgment and injunction against an allegedly illegal act by the defendant James Saxon. Specifically, the act alleged to be illegal was the issuance of an administrative ruling by the defendant which authorized banks to carry on the business of insurance agents when such activity was incidental to banking transactions.

The instant case is presently before the Court on the plaintiffs' motion for summary judgment under Rule 56, Federal Rules of Civil Procedure.

Title 12 U.S.C.A. § 92 provides that national banks which are located in places with a population of *5,000 or less* may act as insurance agents under rules and regulations prescribed by the Comptroller.[1] The defendant's administrative ruling No. 7110 authorizes national banks to conduct the business of insurance agents in cities of any size, provided the writing of such insurance is incidental to banking transactions.

The essence of the plaintiffs' argument is that by authorizing national banks to act as insurance agents *only* in places with a population of 5,000 or less, Title 12 U.S.C.A. § 92 prohibits such activity by national banks in places with a population of more than 5,000. Their position is simply that the congressional grant of the power to act as insurance agents in places of 5,000 or less impliedly prohibits such activity in places with a population of over 5,000.

The defendant takes the position that 12 U.S.C.A. § 92 does not impliedly prohibit banks from acting as insurance agents in places with a population of more than 5,000, so long as the insurance written is incidental to banking transactions. The defendant maintains that ruling No. 7110 does not authorize activity which is prohibited by 12 U.S.C.A. §

1. In addition to the powers now vested by law in national banking associations organized under the laws of the United States any such association located and doing business in any place the population of which does not exceed five thousand inhabitants, as shown by the last preceding decennial census, may, under such rules and regulations as may be prescribed by the Comptroller of the Currency, act as the agent for any fire, life, or other insurance company authorized by the authorities of the State in which such bank is located to do business in said State, by soliciting and selling insurance and collecting premiums on policies issued by such company; and may receive for services so rendered such fees or commissions as may be agreed upon between the said association and the insurance company for which it may act as agent; and may also act as the broker or agent for others in making or procuring loans on real estate located within one hundred miles of the place in which said bank may be located, receiving for such services a reasonable fee or commission: *Provided, however,* That no such bank shall in any case guarantee either the principal or interest of any such loans or assume or guarantee the payment of any premium on insurance policies issued through its agency by its principal: *And provided further,* That the bank shall not guarantee the truth of any statement made by an assured in filing his application for insurance.

92, but rather authorizes an activity which is necessary and incidental to the banking business.

The essence of the defendant's contention is that 12 U.S.C.A. § 92 does not prohibit the selling of insurance by any national bank when such selling is incidental to banking transactions, and therefore that ruling No. 7110 is a valid ruling under 12 U.S.C.A. § 24 (Seventh) which provides that national banks have all incidental powers which are necessary to the transaction of the banking business.

It is important to note the contentions of the parties in dealing with the plaintiffs' motion for summary judgment, for if 12 U.S.C.A. § 92 does impliedly prohibit national banks from carrying on the business of insurance agents in places with a population of more than 5,000, then the instant case involves a determination based solely on questions of law. On the other hand, if 12 U.S.C.A. § 92 does not prohibit such activity, the case involves a question of fact regarding whether or not the writing of insurance is *incidental and necessary* to the transaction of banking business. Of course, it follows logically that if 12 U.S.C.A. § 92 prohibits the writing of insurance by banks in places with a population of more than 5,000, then the question of whether such activity is incidental and necessary is immaterial, as activity which is prohibited by a specific statute cannot be deemed authorized by a general enabling statute.

With the above in mind, the question now before the Court is whether 12 U.S.C.A. § 92 prohibits the writing of insurance by national banks in places with a population of more than 5,000. The pertinent portion of the statute provides that:

"In addition to the powers now vested by law in national banking associations under the laws of the United States, any such association *located and doing business in any place the population of which does not exceed five thousand* inhabitants \* \* \* may \* \* \* act as agent for any fire, life, or other insurance company \* \* \*." (Emphasis added).

Obviously, the statute does not *explicitly* prohibit banks in places with a population of over 5,000 from acting as insurance agents; however, it is the opinion of the Court that by limiting the power of banks to act as insurance agents to those who operate in places of 5,000 or less, Congress has *impliedly* prohibited banks in larger cities from acting as insurance agents. Any other interpretation of 12 U.S.C.A. § 92 would necessitate the conclusion that the statute was merely superfluous in that it was a grant of a limited power where a general, more encompassing power already existed. Such a conclusion is not warranted.

There is no need for this Court to examine the policy behind the enactment of 12 U.S.C.A. § 92, nor to state its opinion on whether all national banks should be allowed to act as insurance agents. In view of the clarity of the statute in question, such activity would at best be irrelevant, and more likely presumptuous.

In conclusion, Congress has statutorily given banks in places with a population of less than 5,000 the power to act as insurance agents. By limiting such activity to banks in places with a population of less than 5,000, it is only reasonable to conclude that Congress intended to prohibit banks in larger areas from acting as insurance agents.

Thus, as the activity authorized by the defendant's ruling No. 7110 is prohibited by law, the plaintiffs' motion for summary judgment must be granted. This Court holds that as a matter of law the ruling by the defendant was illegal and contrary to Title 12 U.S.C.A. § 92, and therefore the relief sought by the plaintiff must be given.

The Court determined in its previous ruling of October 20, 1966, that the plaintiffs had standing to bring the in-

stant action attacking the validity of the ruling in question.

Thus, for the foregoing reasons, the plaintiffs' motion for summary judgment is hereby granted.

It is so ordered.